UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLANAPO OLAJIDE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOVERNOR OF THE STATE OF CALIFORNIA,<br><br>　　　　　Defendant. | Case No. 3:17-cv-01017-JD<br><br>**ORDER GRANTING IFP APPLICATION, DISMISSING COMPLAINT, AND DENYING MOTIONS**<br><br>Re: Dkt. Nos. 1, 3, 5, 7, 8 |

Plaintiff Olanapo Olajide, who is acting pro se, has asked to proceed *in forma pauperis* ("IFP"). Dkt. No. 3. He has also requested permission for electronic case filing and seeks a temporary restraining order with an immediate hearing date. Dkt. Nos. 5, 7, 8. The IFP request is granted, but the complaint is dismissed and the TRO is denied. Permission for electronic filing is declined.

IFP requests are evaluated under 28 U.S.C. § 1915, and the first question is whether a plaintiff's financial status excuses payment of the court's filing fees. The answer here is yes. Olajide is unemployed, does not own a home or other physical assets, and has less than $25 in his bank account. Dkt. No. 3. Olajide may proceed on an IFP basis.

The next question is whether the complaint is sufficient to stand, and the answer is no. The Court may "at any time" dismiss an IFP complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The standard is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). As a pro se plaintiff, Olajide gets a liberal

construction of his complaint and the benefit of any doubt about its sufficiency, *id*., but the pleading requirements of Rule 8 apply just as much here as in all other federal civil cases.

As currently framed, the complaint cannot proceed. It is a rambling discursion that runs for over 23 single-spaced pages and touches on a myriad of subjects ranging from the illegitimacy of the United States Code and allegations of government persecution to the nature of legal tender and the gold standard. The requested relief appears to be damages in the amount of one trillion dollars payable to plaintiff, among other remedies. *See generally* Dkt. No. 1. Nothing in the complaint amounts to a plausible claim for relief.

While the Court has considerable doubt that amendment will be effective, Olajide may file an amended complaint no later than **May 8, 2017.** If Olajide chooses to amend, he should be mindful of the Rule 8 pleading standards and whether the Governor of California is a proper defendant.

The motions for a temporary restraining order and for an emergency hearing are denied. The request for permission to use electronic case filing is declined.

**IT IS SO ORDERED.**

Dated: April 13, 2017

JAMES DONATO
United States District Judge